**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| ESSAR STEEL ALGOMA INC. | ) | Case No. 14-[_____] (___) |
| | ) | |
| Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 132470642 | ) | |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| ESSAR STEEL ALGOMA INC. USA | ) | Case No. 14-[_____] (___) |
| | ) | |
| Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 42-1768788 | ) | |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| CANNELTON IRON ORE COMPANY | ) | Case No. 14-[_____] (___) |
| | ) | |
| Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 55-0529965 | ) | |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| ALGOMA HOLDINGS B.V. | ) | Case No. 14-[_____] (___) |
| | ) | |
| Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 34241679 | ) | |
| | ) | |

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| ESSAR STEEL CANADA INC. ) | Case No. 14-[_____] (___) |
| ) | |
| Debtor in a foreign proceeding. ) | |
| ) | |
| Employer's Tax I.D. No.: ) | |
| 804598779 ) | |
| ) | |

**FOREIGN REPRESENTATIVE'S MOTION FOR ORDER DIRECTING
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 15 CASES**

Essar Steel Algoma Inc., ("Algoma"), in its capacity as the foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in a proceeding (the "Canadian Proceeding") commenced under section 192 of the *Canada Business Corporations Act*, R.S.C. 1985, c. C-44, as amended (the "CBCA"), and pending before the Ontario Superior Court of Justice, Commercial List (the "Canadian Court"), respectfully submits this motion (this "Motion"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing and directing the joint administration of the Debtors' related chapter 15 cases for procedural purposes only, and (b) granting certain related relief. In support of this Motion, the Foreign Representative refers the Court to (x) the statements contained in the *Declaration of J. Robert Sandoval in Support of (I) Verified Chapter 15 Petitions, (II) Foreign Representative's Motion for Orders Granting Provisional Relief in Aid of Foreign Proceeding, and (III) Certain Related Relief* (the "Sandoval Declaration")[1] and (y) the *Foreign Representative's Memorandum*

---

[1] Capitalized terms used but not defined herein shall have the terms ascribed to them in the Sandoval Declaration.

*of Law in Support of (I) Verified Chapter 15 Petitions and (II) Motion for Orders Granting Provisional and Final Relief in Aid of Foreign Proceeding* (the "Memorandum of Law"). In further support of the relief requested herein, the Foreign Representative respectfully represents as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider this motion pursuant to sections 157 and 1334 of title 28 of the United States Code, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012.

2. These cases have been properly commenced, pursuant to section 1504 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), by the filing of petitions for recognition of the Canadian Proceeding pursuant to section 1515 of the Bankruptcy Code. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1410).

4. The statutory bases for relief are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

5. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

## Background

6. Preceding the filing of these chapter 15 cases, the Debtors were engaged in negotiations with an ad hoc group of holders (the "Unsecured Noteholder Committee") of more than 70% of the Debtors' 9.875% senior unsecured notes (the "Unsecured Notes"). The Debtors and the Unsecured Noteholder Committee, along with the Debtors' affiliate parent, Essar Global

Fund Limited ("EGFL" and together with the Debtors and the Unsecured Noteholder Committee, the "Parties") have agreed in principle on the terms of a restructuring, the principal terms of which are reflected in a term sheet. The Parties continue to negotiate the terms of the restructuring support agreement and EGFL's equity commitment thereunder and will finalize those agreements in the near term at which point the Debtors will update the Court.

7. On July 16, 2014, the Debtors commenced the Canadian Proceeding in the Canadian Court in order to restructure their debt obligations for the long-term benefit of their creditors and stakeholders, the Canadian Court entered the Preliminary CBCA Order, granting certain interim relief in connection with the Canadian Proceeding. Subsequently, on the date hereof (the "Petition Date"), the Foreign Representative commenced these chapter 15 cases by filing, among other things, verified chapter 15 petitions seeking recognition by the Court of the Canadian Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code.

8. Detailed information about the Debtors' business operations, the events leading to the Petition Date, and the facts and circumstances surrounding the Canadian Proceeding and these cases is set forth in the Sandoval Declaration and the Memorandum of Law.

## Relief Requested

9. By this Motion, the Foreign Representative seeks entry of an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 directing (a) the joint administration of these chapter 15 cases for procedural purposes only, and (b) parties in interest to use a consolidated caption to indicate that any pleading filed relates to the jointly administered chapter 15 cases.

10. The Foreign Representative further requests that the caption of these chapter 15 cases be modified to reflect their joint administration. A proposed consolidated caption for all notices, applications, motions, and other pleadings (the "Proposed Caption") is as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: | ) Chapter 15 |
| ESSAR STEEL ALGOMA INC., *et al.*,[1] | ) Case No. 14-[___] ([___]) |
| Debtors in a foreign proceeding | ) (Joint Administration Requested) |

[1] The Debtors in the foreign proceeding, along with the last four digits of the United States Tax Identification Number, Canadian Business Number or Netherlands Chamber of Commerce Number, as applicable, of each of the Debtors, are: Algoma Holdings B.V. (1679); Cannelton Iron Ore Company (9965); Essar Steel Algoma Inc. (0642); Essar Steel Algoma Inc. USA (8788); Essar Steel Canada Inc. (8779). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

11. The Foreign Representative requests that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code and that the Court maintain one file and one docket for all of the Debtors' chapter 15 cases under the case number assigned to Essar Steel Algoma Inc. and that these chapter 15 cases be administered under the Proposed Caption.

12. In addition, the Foreign Representative requests that the Court authorize and direct that a notation substantially similar to the following be entered on the docket of each of the Debtors' chapter 15 cases, except in the case of lead-debtor Essar Steel Algoma Inc., to evidence the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases listed below. The docket of Essar Steel Algoma Inc. (14-[_____]) should be consulted for all matters affecting this case. The following chapter 15 cases are jointly administered pursuant to the joint administration order:
>
> Algoma Holdings B.V. (14-[_____]); Cannelton Iron Ore Company (14-[_____]); Essar Steel Algoma Inc. USA (14-[_____]); and Essar Steel Canada Inc. (14-[_____]).

13. Further, the Foreign Representative requests that the Court authorize the Foreign Representative to utilize a combined service list for the jointly administered cases and that combined notices be sent to the Debtors' creditors and other parties in interest, as applicable.

## Basis for Relief

14. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and its affiliate, the Court may order joint administration of the cases. *See* Fed. R. Bank. P. 1015(b). Additionally, Local Rule 1015-1 states that:

> An order for joint administration may be entered, without notice and opportunity for hearing, upon filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court . . . is warranted and will ease the administrative burden for the Court and the parties.

The Debtors, consisting of a parent corporation and its direct and indirect subsidiaries, are "affiliates" as the Bankruptcy Code defines that term in section 101(2). *See* 11 U.S.C. § 101(2). An order of joint administration relates to the routine administration of a case and may be entered by the Court on an *ex parte* basis. Local Rule 1015-1. Accordingly, the Court is authorized to grant the relief requested herein.

15. The Sandoval Declaration establishes that joint administration of these chapter 15 cases (a) is warranted because the Debtors' financial affairs and business operations are closely related and (b) will ease the administrative burden of these cases on the Court and interest parties.

16. The Foreign Representative anticipates that the various notices, motions, hearings, orders, and other pleadings in these cases will affect all of the Debtors. With five (5) affiliated Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.

Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "Clerk").

17. Joint administration will permit the Clerk to use a single docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors. Joint Administration also will protect parties in interest in these cases by ensuring that they will be apprised of the various matters before the Court in all of these cases. The Foreign Representative further requests that the Proposed Caption set forth above be approved as the modified caption for these chapter 15 cases.

18. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular Debtor against which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware will be simplified.

19. Courts have approved joint administration relief similar to that requested herein in other chapter 15 cases. Indeed, the entry of joint administration orders is common and generally uncontroversial in chapter 15 cases. *See, e.g.*, *In re Xentel Inc.,* Case No. 13-10888 (KG) (Bankr. D. Del. Apr. 12, 2013); *In re Cinram Int'l Inc.,* Case No. 12-11882 (KJC) (Bankr. D. Del. June 26, 2012); *In re Arctic Glacier Int'l Inc.,* Case No. 12-10605 (Bankr. D. Del. Feb. 23,

2012); *In re AJW Offshore, Ltd.*, Case No. 13-70078 (AST) (Bankr. E.D.N.Y. Jan. 11, 2013); *In re Chembulk N.Y. PTE Ltd.*, Case No. 12-11007 (SMB) (Bankr. S.D.N.Y. Mar. 15, 2012).

20. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor . . . such notice shall contain the name, address, and last four digits of the taxpayer identification number of the debtor." The Proposed Caption contains all of the required information and, therefore, satisfies section 342(c) of the Bankruptcy Code.

21. The Debtors submit that the joint administration of these chapter 15 cases is in the best interests of the Debtors, their creditors, and all other interested parties, and that no conflict of interest will arise as a result of joint administration. Requiring separate administration of these chapter 15 cases would subject the Debtors (who would be forced to file documents on numerous dockets) and creditors (who would be forced to monitor numerous dockets) to a substantial administrative burden. Moreover, apart from the additional costs associated with monitoring and managing numerous dockets, failure to jointly administer these chapter 15 cases could distract the Debtors at a time where successfully achieving on a timely basis approval of their plan of arrangement pending in Canada is critical. For all of the foregoing reasons, the Foreign Representative respectfully requests the immediate entry of an order providing for the joint administration of these chapter 15 cases.

## Notice

22. The Foreign Representative has provided notice of the Motion, to the following parties, or their counsel, if known: (a) principal parties that have appeared in the Canadian Proceeding as of the date of service of the relevant pleading; (b) United States Trustee for Region 3, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn.: Timothy J. Fox, Esq.; (c) Deutsche Bank Trust Company as administrative agent to the ABL Facility, 60 Wall Street, New York, NY 10005, Attn.: Marcus Tarkington; (d) Avenue Capital Management II, L.P., as

documentation agent to the Avenue Credit Agreement, 399 Park Avenue, 6th Floor, New York, NY 10022, Attn.: Esther Posner; (e) Avenue Special Opportunities Fund I, LP, as transferee of the Transferred Secured Loan, 399 Park Avenue, 6th Floor, New York, NY 10022, Attn.: Esther Posner; (f) counsel to Wilmington Trust Company, as trustee for the Senior Notes Indenture and the Unsecured Notes Indenture, Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, NY 10036-4039, Attn.: Bart Pisella, Esq.; (g) counsel to EGFL, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn.: Robert Britton, Esq.; (h) counsel to the Unsecured Noteholder Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, Attn.: Brian Herman, Esq.; (i) the United States Attorney for the District of Delaware; (j) the Internal Revenue Service; (k) the Securities and Exchange Commission; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.

## **No Prior Request**

23.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Foreign Representative respectfully requests entry of the order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: July 16, 2014　　　　　　*/s/ Amanda R. Steele*
　　　　Wilmington, Delaware　　Daniel J. DeFranceschi (DE Bar No. 2732)
　　　　　　　　　　　　　　　　Michael J. Merchant (DE Bar No. 3854)
　　　　　　　　　　　　　　　　Amanda Steele (DE Bar No. 5530)
　　　　　　　　　　　　　　　　**RICHARDS, LAYTON & FINGER, P.A.**
　　　　　　　　　　　　　　　　One Rodney Square
　　　　　　　　　　　　　　　　920 North King Street
　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　Telephone:　(302) 651-7700
　　　　　　　　　　　　　　　　Facsimile:　(302) 651-7701
　　　　　　　　　　　　　　　　Email:　defranceschi@rlf.com
　　　　　　　　　　　　　　　　　　　　　merchant@rlf.com
　　　　　　　　　　　　　　　　　　　　　steele@rlf.com

　　　　　　　　　　　　　　　　- and -

　　　　　　　　　　　　　　　　Paul M. Basta P.C. (*pro hac vice* admission pending)
　　　　　　　　　　　　　　　　Ray C. Schrock P.C. (*pro hac vice* admission pending)
　　　　　　　　　　　　　　　　Christopher T. Greco (*pro hac vice* admission pending)
　　　　　　　　　　　　　　　　**KIRKLAND & ELLIS LLP**
　　　　　　　　　　　　　　　　601 Lexington Avenue
　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　Telephone:　(212) 446-4800
　　　　　　　　　　　　　　　　Facsimile:　(212) 446-4900
　　　　　　　　　　　　　　　　Email:　pbasta@kirkland.com
　　　　　　　　　　　　　　　　　　　　　rschrock@kirkland.com
　　　　　　　　　　　　　　　　　　　　　cgreco@kirkland.com

　　　　　　　　　　　　　　　　*Co-Counsel for the Foreign Representative*

## **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 15 |
| | ) | |
| ESSAR STEEL ALGOMA INC. | ) | Case No. 14-[_____] (___) |
| | ) | |
|     Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 132470642 | ) | |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| ESSAR STEEL ALGOMA INC. USA | ) | Case No. 14-[_____] (___) |
| | ) | |
|     Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 42-1768788 | ) | |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| CANNELTON IRON ORE COMPANY | ) | Case No. 14-[_____] (___) |
| | ) | |
|     Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 55-0529965 | ) | |
| | ) | |
| In re: | ) | Chapter 15 |
| | ) | |
| ALGOMA HOLDINGS B.V. | ) | Case No. 14-[_____] (___) |
| | ) | |
|     Debtor in a foreign proceeding. | ) | |
| | ) | |
| Employer's Tax I.D. No.: | ) | |
| 34241679 | ) | |
| | ) | |

| | |
|---|---|
| In re: ) | Chapter 15 |
| ) | |
| ESSAR STEEL CANADA INC. ) | Case No. 14-[_____] (___) |
| ) | |
| Debtor in a foreign proceeding. ) | |
| ) | |
| Employer's Tax I.D. No.: ) | |
| 804598779 ) | |
| ) | |

# ORDER DIRECTING JOINT
## ADMINISTRATION OF CHAPTER 15 CASES
## AND AUTHORIZING FOREIGN REPRESENTATIVE TO FILE
## CONSOLIDATED LISTS OF INFORMATION REQUIRED BY RULE 1007(A)(4)

Upon the motion (the "Motion")[1] of Essar Steel Algoma Inc. ("Algoma"), in its capacity as Foreign Representative of the Debtors in the Canadian Proceeding commenced under the CBCA, and pending before the Canadian Court, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, for entry of an order authorizing and directing the joint administration of the Debtors' chapter 15 cases for procedural purposes only; and upon consideration of (a) the Sandoval Declaration and (b) the Memorandum of Law; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012; and no notice of the Motion being required pursuant to Local Rule 1015-1; and it appearing that the relief requested by the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.   The Motion is granted as set forth herein.

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

2. The chapter 15 cases shall be, and they hereby are, consolidated for procedural purposes only, and shall be jointly administered by the Court under Case No. 14-_____.

3. The Clerk of this Court shall maintain one file and one docket for these jointly administered cases, which file and docket for all of these chapter 15 cases shall be the file and docket for Essar Steel Algoma Inc. (Case No. 14-____).

4. All pleadings and other papers filed in these chapter 15 cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| ESSAR STEEL ALGOMA INC. *et al.*,[1] | ) Case No. 14-[___] ([___]) |
| | ) |
| Debtors in a foreign proceeding | ) (Joint Administration Requested) |
| | ) |

---

[1] The Debtors in the foreign proceeding, along with the last four digits of the United States Tax Identification Number, Canadian Business Number or Netherlands Chamber of Commerce Number, as applicable, of each of the Debtors, are: Algoma Holdings B.V. (1679); Cannelton Iron Ore Company (9965); Essar Steel Algoma Inc. (0642); Essar Steel Algoma Inc. USA (8788); Essar Steel Canada Inc. (8779). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

5. The foregoing caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code in all respects.

6. A docket entry shall be made in each of the above captioned chapter 15 cases, except in the case of Essar Steel Algoma Inc., substantially as follows:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases listed below. The docket of Essar Steel Algoma Inc. (14 [_____]) should be consulted for all matters affecting this case. The following chapter 15 cases are jointly administered pursuant to the joint administration order:

3

      Algoma Holdings B.V. (14 [_____]); Cannelton Iron Ore Company (14 [_____]);Essar Steel Algoma Inc. USA (14 [_____]); and Essar Steel Canada (14 [_____]).

7. Nothing contained in the Motion or this order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 15 cases.

8. The Foreign Representative is authorized to (a) utilize a combined service list for the Debtors' jointly administered cases and (b) send combined notices to creditors of the Debtors' estates and other parties in interest as applicable.

9. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the Clerk is hereby directed to enter this Order on the docket in each chapter 15 case of the Debtors.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: _____, 2014         _____
    Wilmington, Delaware         United States Bankruptcy Judge